UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**SOUTH FLORIDA MULTISPECIALTY ASSOCIATES, LLC,**

    Debtor.

CASE NO. 14-23589-LMI
CHAPTER 11

### REGENT BANK'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (I) AUTHORIZING THE DEBTOR (A) TO USE CASH COLLATERAL ON AN INTERIM BASIS PURSUANT TO 11 U.S.C. § 363, AND (B) TO GRANT ADEQUATE PROTECTION IN CONNECTION THEREWITH PURSUANT TO 11 U.S.C. §§ 361, AND 363, AND (II) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001 AND REGENT BANK'S MOTION TO APPOINT CHAPTER 11 TRUSTEE

Regent Bank ("Regent"), by and through undersigned counsel, objects to the Debtor's Emergency Motion for Order (I) Authorizing the Debtor (A) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363, and (B) to Grant Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. §§ 361, and 363, and (II) Scheduling a Final Hearing Under Bankruptcy Rule 4001 (the "Objection") and as grounds in support thereof, states as follows:

1. Regent does not dispute that it agreed that its cash collateral could previously be used for the limited purpose of satisfying the Debtor's most recent payroll that was due on Friday, June 13, 2014. However, Regent has **not** consented to any additional use of cash collateral, and for the reasons stated herein, will not consent to any further use of cash collateral.

2. The essential basis for Regent's refusal to consent to further use of cash collateral is threefold: (1) the Debtor's budget contains unreasonably high payroll related expenses (totaling just over $237,000 out of the $370,710 in total monthly expenses) of which nearly $80,000.00 is distributions to five insiders. This includes guarantors on the Debtor's debt and other insiders; (2) the payment the Debtor proposes to make to Regent as adequate protection

1

does not protect Regent.  Based on the Debtor's valuations, it appears that Regent is oversecured in this case, although it is difficult to tell at the current time because Regent's collateral consists largely of receivables owed to the Debtor.  As the Court is well aware, it is difficult to value receivables, especially receivables that have aged significantly and thus it is not clear whether or not the Debtor can even protect Regent's interest in the collateral; and (3) perhaps most importantly, the Debtor has concealed the existence of additional assets from both Regent and the Court by creating a new company known as Doctors Alliance Group Corp. ("Doctors Alliance") and then, opening bank accounts in the name of Doctor's Alliance and diverting Debtor's Medicare and Medicaid payments received from the government to Doctors Alliance.  Regent only discovered the existence of Doctors Alliance and the diversion of the funds after Regent received checks written on Doctors Alliance account to cover Debtor's defaults.  When Regent confronted the Debtor, the Debtor represented to Regent that the Debtor was required, under the Medicare laws and statutes, to create the new entity and have the Medicare and Medicaid payments paid to the new entity.

       3.      Unfortunately, the Debtor's representations to Regent were only 50% correct.  Regent has confirmed that the Medicare regulations did require that the Debtor have payments for Medicare and Medicaid deposited into an account at a bank other than Regent.  However, nothing in the Medicare statutes and/or regulations authorizes a company to create a completely new entity, whose principals are the same as the Debtor and divert the Medicaid and Medicare payments to the new entity without advising anyone of their existence.

       4.      This concealment by Debtor has carried over into its bankruptcy case for the Debtor did not advise the Court in any of its filings that it either a) is the true owner and equitable owner of the accounts, despite they are in the name of Doctors Alliance; or b) the Debtor has a significant receivable owed to it from Doctors Alliance, if in fact there was a

legitimate transfer of the same to Doctors Alliance. Furthermore, no one has disclosed how much money Doctors Alliance is currently holding, how much is due from the government for Medicaid and Medicare payments that has been designated to be paid to Doctors Alliance, or has otherwise indicated to anyone how the Debtor intends to utilize the funds from Doctors Alliance.

5. The Court should not condone the mismanagement, concealment of assets, and other actions that the Debtor and its principals have take in this case in order to conceal assets from creditors. The simple fact is that it does not appear that the Debtor can provide adequate protection to Regent when the Debtor cannot be honest and forthcoming with the Court or Regent about the existence of Doctors Alliance and the diversion of payments from the government that would otherwise be due to the Debtor into accounts into the name of Doctors Alliance.

6. Based on the prepetition misconduct of the Debtor and its principals, Regent believes that the only appropriate action in this case is the immediate appointment of a trustee to protect the interest of Regent and the Debtor's other creditors. This case is not simply about the fact that the Debtor had fallen behind on payments to Regent; rather, it has morphed into the Debtor's intentional diversion of monies owed to it into accounts into the name of a separate entity that the Debtor has not provided any information to the Court and over which the Court has no authority or control. Because the Debtor cannot be trusted, there is no way the Debtor can protect Regent or any of the Debtor's other creditors and thus the granting of the authority to use cash collateral should be denied forthwith.

WHEREFORE, for the reasons stated herein, Regent respectfully requests the Court deny the Debtor's Motion, immediately appoint a Chapter 11 trustee given the Debtor's inability to operate without the cash collateral, as well as grant any further relief the Court deems proper under the circumstances.

Case No. 14-23589-LMI

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 16th day of June, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Regent Bank
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Office of the US Trustee, USTPRegion21.MM.ECF@usdoj.gov; Leyza F. Blanco, Esq., leyza.blanco@gray-robinson.com, jceide@gray-robinson.com and all other parties entitled to receive notice via the Court's CM/ECF noticing system on this 16th day of June, 2014.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS